IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

RICHARD A. MESTAS, SR., and LORI ANN MUSE,

        Plaintiffs,

v.

AIR & LIQUID SYSTEMS CORPORATION, a/k/a
BUFFALO PUMPS, INC., et al.,

        Defendants.

---

## NOTICE OF REMOVAL

---

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
      THE DISTRICT OF COLORADO

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant General Electric Company ("GE") removes this action from the District Court, City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado on the ground that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, GE states as follows:

### BACKGROUND

1.     On March 7, 2018, Richard A. Mestas, Sr., and Lori Ann Muse ("Plaintiffs") commenced this action in the District Court, City and County of Denver, State of Colorado, No. 2018CV30820 ("State Court Action"). True and accurate copies of all process, pleadings, orders, and other papers filed with the State Court Action are being submitted herewith, as required by 28 U.S.C. § 1446(a), D.C.COLO.LCivR 81.1, and this Court's electronic case filing procedures, version 6.1, section IV, subsection 4.4(b) (rev. Mar. 27, 2017).

2.      Plaintiffs served their Summons and Complaint ("Complaint" [Ex.A] on GE on March 28, 2018. The Complaint sets forth four claims for relief against GE: (i) negligence; (ii) strict liability; (iii) breach of warranty; and (iv) gross negligence. (*See* Compl. ¶¶ 45–56, 64–76, 77–79, 80–82.)

3.      According to the Complaint, Plaintiff Richard Mestas was secondarily exposed to asbestos through his father, Samuel Mestas, who worked as a plumber and pipefitter. (*See id.* ¶ 47.) Plaintiffs allege that Samuel Mestas "used, handled, and/or was in the vicinity of others using or handling . . . asbestos-containing products and equipment" between 1953 and 1974. (*Id.*) Plaintiffs further allege that asbestos fibers were carried home on Samuel Mestas's clothing and subsequently "inhaled and ingested by" Richard Mestas. (*Id.*; *see also id.* ¶ 48.)

4.      According to the Complaint, Richard Mestas has been diagnosed with mesothelioma. (*See id.* ¶ 1.) Plaintiffs contend that Richard Mestas developed mesothelioma as a result of exposure to asbestos from products and equipment manufactured, sold, or distributed by the defendants. (*See id.* ¶ 40.)

5.      Plaintiffs have sued thirty-three defendants to seek "damages for the personal injuries" of Richard Mestas. (*Id.* ¶ 40.) Additionally, Plaintiffs claim entitlement to damages that include, but have not been limited to, medical expenses, loss of income, loss of earning capacity, loss of consortium, and other non-economic species of damages. (*See id.* ¶ 90.) Plaintiffs assert that such damages are justified because Richard Mestas's claimed injuries "are permanent and have resulted in permanent physical impairment and disfigurement." (*Id.*)

6.      Plaintiffs allege that GE "is being sued as a manufacturer of General Electric Turbines." (*Id.* ¶ 17.)

7.     Colorado law required GE to answer Plaintiffs' Complaint on or before April 18, 2018. *See* Colo. R. Civ. P. 12(a)(1).

8.     GE answered Plaintiffs' Complaint on April 18, 2018, merely to preserve the status quo in state court. (*See* GE's Answer & Jury Demand [Ex. B].) In its Answer, GE included a "Statement of Non-Waiver" expressly disavowing clear and unequivocal intent to litigate on the merits in state court and preserving GE's statutory right to file this timely Notice of Removal. (*See id.* at 26.)

## GROUNDS FOR REMOVAL

### I.     REMOVAL IS TIMELY

9.     This Notice of Removal has been filed within 30 days after GE accepted service of the Complaint on March 28, 2018. (*See supra* ¶ 2.) Removal of this action is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("[A] defendant's period for removal will be no less than 30 days from service.").

10.     Pursuant to 28 U.S.C. § 1332, the Complaint asserts claims over which this Court has original jurisdiction. Under 28 U.S.C. §§ 1332(a), 1441, and 1446, the State Court Action may be removed because it is a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### II.     COMPLETE DIVERSITY EXISTS IN THIS CASE

11.     A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *See Dart Cherokee Basin Operating Co. v. Owens*, --- U.S. ----, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the

plaintiff challenges or the court questions it. *See id.*; *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010).

12.     Plaintiffs are citizens of Colorado. (*See* Compl. ¶ 1 (noting Plaintiffs' residence in Loveland, Colorado).)

13.     GE is a corporation organized under the laws of the State of New York with its principal place of business in the Commonwealth of Massachusetts. Consequently, GE is a citizen of New York and Massachusetts. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located.").

14.     GE has made a diligent, good-faith effort to ascertain the citizenship of each of its co-defendants and makes the allegations in Paragraphs 15 through 46 of this Notice of Removal, *infra*, based upon its best information and belief. The results of GE's citizenship research are appended hereto as Exhibit C.

15.     Upon information and belief, Defendant Air & Liquid Systems Corporation, a/k/a Buffalo Pumps, Inc., is a citizen of Michigan. (*See* Ex. C at 1-3.)

16.     Upon information and belief, Defendant Aurora Pump Company is a citizen of Delaware and North Carolina. (*See* Ex. C at 4-5.)

17.     Upon information and belief, Defendant BorgWarner Morse Tec, LLC (sued individually and as successor by merger to Borg-Warner Corporation), is a citizen of Michigan and Delaware. (*See* Ex. C at 6-7.)

18.     Upon information and belief, Defendant Bryan Steam, LLC, is a citizen of Indiana and Delaware. (*See* Ex. C at 8-10.)

19.     Upon information and belief, Defendant Burnham, LLC, a/k/a Burnham Commercial, is a citizen of Pennsylvania and Delaware. (*See* Ex. C at 11-12.)

20.     Upon information and belief, Defendant CBS Corporation, f/k/a Viacom, Inc., by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation (sued individually and as successor-in-interest to Westinghouse Electric Corporation), is a citizen of New York and Delaware. (*See* Ex. C at 13-14.)

21.     Upon information and belief, CertainTeed Corporation is a citizen of Pennsylvania and Delaware. (*See* Ex. C at 15-16.)

22.     Upon information and belief, Defendant Cleaver-Brooks, Inc., f/k/a Cleaver-Brooks, a division of Aqua-Chem, Inc., is a citizen of Georgia and Delaware. (*See* Ex. C at 17-18.)

23.     Upon information and belief, Defendant Crane Co. (sued individually and as successor-in-interest to Cochrane, Inc., a/k/a Jenkins Valves, Inc.) is a citizen of Connecticut and Delaware. (*See* Ex. C at 19-20.)

24.     Upon information and belief, Defendant Crown Cork & Seal Company, Inc., is a citizen of Pennsylvania. (*See* Ex. C at 21-22.)

25.     Upon information and belief, Defendant Flowserve Corporation (sued individually and as successor-in-interest to BW/IP International Inc., f/k/a Byron Jackson Pump Division) is a citizen of Texas and New York. (*See* Ex. C at 23-25.)

26.     Upon information and belief, Defendant FMC Corporation (sued as successor of Northern Pumps and Peerless Pumps) is a citizen of Pennsylvania and Delaware. (*See* Ex. C at 26-27.)

27.     Upon information and belief, Defendant Gardner Denver, Inc., is a citizen of Wisconsin and Delaware. (*See* Ex. C at 28-29.)

28.     Upon information and belief, Defendant Genuine Parts Company, a/k/a NAPA (sued individually and d/b/a Rayloc Brakes), is a citizen of Georgia. (*See* Ex. C at 30-31.)

29.     Upon information and belief, Defendant Grinnell, LLC, is a citizen of Pennsylvania and Delaware. (*See* Ex. C at 35-36.)

30.     Upon information and belief, Defendant Honeywell International, Inc., f/k/a Allied-Signal, Inc. (sued as successor-in-interest to Bendix Corporation), is a citizen of New Jersey and Delaware. (*See* Ex. C at 37-38.)

31.     Upon information and belief, Defendant Ingersoll-Rand Company is a citizen of North Carolina and New Jersey. (*See* Ex. C at 39-40.)

32.     Upon information and belief, Defendant ITT Goulds Pumps, Inc., is a citizen of New York. (*See* Ex. C at 32-34.)

33.     Upon information and belief, Defendant John Crane, Inc., is a citizen of Illinois and Delaware. (*See* Ex. C at 41-42.)

34.     Upon information and belief, Defendant Lamons Gasket Company is a citizen of Texas and Delaware. (*See* Ex. C at 43-44.)

35.     Upon information and belief, Defendant Metropolitan Life Insurance Company is a citizen of New York. (*See* Ex. C at 45-47.)

36.     Upon information and belief, Defendant Natkin & Company, if still in business, is a citizen of Missouri and Texas. (*See* Ex. C at 48-49.)

37.     Upon information and belief, Defendant Peerless Boilers, d/b/a PB Heat, LLC, is a citizen of Delaware and Pennsylvania. (*See* Ex. C at 50-51.)

38.     Upon information and belief, Defendant Riley Power, Inc., is a citizen of Massachusetts. (*See* Ex. C at 52-55.)

39.     Upon information and belief, Defendant Rite Engineering & Manufacturing Corporation is a citizen of California. (*See* Ex. C at 56-57.)

40.     Upon information and belief, Defendant Superior Boiler Works, Inc., is a citizen of Kansas. (*See* Ex. C at 58-59.)

41.     Upon information and belief, Defendant Trane US, Inc., f/k/a American Standard, Inc., is a citizen of North Carolina and Delaware. (*See* Ex. C at 60-62.)

42.     Upon information and belief, Defendant Union Carbide Corporation is a citizen of Texas and New York. (*See* Ex. C at 63-65.)

43.     Upon information and belief, Defendant U.S. Engineering Company is a citizen of Missouri. (*See* Ex. C at 66-67.)

44.     Upon information and belief, Defendant Viking Pump, Inc., is a citizen of Iowa and Delaware. (*See* Ex. C at 68-70.)

45.     Upon information and belief, Defendant Warren Pumps, LLC, is a citizen of Massachusetts and Delaware. (*See* Ex. C at 71-73.)

46.     Upon information and belief, Defendant Weil-McClain is a citizen of Indiana and Delaware. (*See* Ex. C at 74-75.)

47.     GE "may remove [this] action on the basis of diversity of citizenship [because] there is complete diversity between all named plaintiffs and all named defendants, and no

defendant is a citizen of the forum State" of Colorado. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005); *see* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), 1441(b)(2).

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

48.     Under 28 U.S.C. §§ 1332(a) and 1446(c)(2), the removing party must show that the amount in controversy exceeds $75,000, exclusive of interest and costs.

49.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

50.     "Only if it is 'legally certain' that the recovery . . . will be less than [$75,000] may the case be dismissed." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

51.     Plaintiffs' Complaint does not quantify the damages Plaintiffs seek to recover. "[A] complaint that does not specify an amount must merely allege facts sufficient to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015) (citation omitted).

52.     The facts here establish that the amount-in-controversy requirement is met.

53.     In the Civil Cover Sheet that must accompany each pleading filed in the Denver District Court, Plaintiffs were required to set forth whether the State Court Action is governed by Colorado Rule of Civil Procedure 16.1. Plaintiffs marked "X" in the box stating that "[t]his case is not governed by C.R.C.P. 16.1" and then marked "X" in the explanatory box stating that "[a]

monetary judgment over $100,000 is sought . . . it excludes interest and costs." (Civil Cover Sheet at 3 [Ex. D].) Plaintiffs' representation on their Civil Cover Sheet establishes for the purposes of federal diversity jurisdiction that Plaintiffs seek in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

54.     In their Prayer for Relief, Plaintiffs "demand judgment against the [thirty-three] Defendants severally, for general [and] special damages." (Compl. ¶ 92.)

55.     As explained *supra* in Paragraph 14, Plaintiffs have sued thirty-three defendants in hopes of recovering money to cover alleged medical expenses, income loss, earning-capacity loss, loss of consortium, and other non-economic species of damages. Plaintiffs contend that they "will[] in the future continue to incur such expenses." (Compl. ¶ 90.)

56.      In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

57.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2) and 1441(a). (*See* Compl. ¶ 42 (alleging that certain substantial alleged events giving rise to Plaintiffs' lawsuit took place in Colorado).)

**CONSENT TO REMOVAL**

58.     GE has contacted all defendants on whom Plaintiffs have effected service in the State Court Action to obtain consent to remove the action to this Court. *See* 28 U.S.C. § 1446(b)(2)(A).

59.     All defendants who have been properly served in the State Court Action have provided written consent to the filing of this Notice of Removal. (*See* Ex. E.)

**NOTICE OF REMOVAL**

60.     Pursuant to 28 U.S.C. § 1446(a), the filing of a copy of this Notice of Removal with the clerk of the state court in Colorado effects the removal of the State Court Action. A copy of the notice of filing of notice of removal filed contemporaneously in the State Court Action is attached as **Exhibit F.**

**NO WAIVER**

61.     No waiver and no admission of fact, law, or liability—including, without limitation, the amount of damages (if any)—is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are reserved.

**LIMITED DISCOVERY**

62.     To the extent the Court has any questions regarding the issues of diversity of citizenship between the parties or the amount in controversy, GE reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail*, 529 F.3d at 954.

63.

**CONCLUSION**

For the reasons set forth above, GE removes this action to the United States District Court for the District of Colorado.

Dated:  April 27, 2018                    Respectfully submitted,

*Below-signed counsel certifies that he/she is a member in good standing of the bar of this Court.*

*s/  Katherine Mercer-Lawson*
Erik D. Nadolink
Katherine Mercer-Lawson
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:       nadolink@wtotrial.com
                 mercerlawson@wtotrial.com

Attorneys for Defendant General Electric Company

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on April 27, 2018, I electronically filed the foregoing

**NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system.

I FURTHER CERTIFY that counsel in this action have been served with the foregoing

document by U.S. Mail as follows:


John R. Crone
Colorado Bar No. 48284
ANDRUS WAGSTAFF, PC
7171 W. Alaska Drive
Lakewood, CO 80226
(720) 208-9414
john.crone@andruswagstaff.com
*Attorneys for Plaintiffs*

Ryan M. Sweet
FLINT LAW FIRM, LLC.
il State Bar No. 6307137
222 E. Park St., Suite 500
PO Box 189
Edwardsville, IL 62025
(618) 288-4777
RSweet@FlintLaw.com
*Attorneys for Plaintiffs*

Matthew J. Broderick
GORDON REES SCULLY MANSUKHANI LLP
555 Seventeenth Street, Ste. 3400
Denver, CO 80202
(303) 534-5160
mbroderick@grsm.com
*Attorneys for Defendants Air & Liquid Systems Corporation and Warren Pumps, LLC*

Michael P. Dulin, #30976
Jennifer W. Vedra, #43657
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202

(303) 572-9300
mdulin@polsinelli.com
jvedra@polsinelli.com
*Attorneys for Defendant BorgWarner Morse Tec, LLC*

D. Sean Smith
Nick R. Herrick
Michael Potraffke
WOOD, SMITH, HENNING & BERMAN, LLP
1805 Shea Center Drive, Suite 200
Highlands Ranch, CO 80129
(720) 479-2500
ssmith@wshblaw.com
nherrick@wsbhlaw.com
mpotraffke@wshblaw.com
*Attorneys for Defendant Burnham, LLC a/k/a Burnham Commercial*

Mary A. Wells
L. Michael Brooks, Jr.
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver CO 80290
(303) 830-1212
mwells@warllc.com
mbrooks@warllc.com
*Attorneys for Defendant BW/IP, Inc.*

Ronald Hellbusch
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 400
Denver, CO 80203
(303) 861-7760
Ronald.Hellbusch@lewisbrisbois.com
*Attorneys for Defendants Gardner Denver, Inc. and*
*Union Carbide Corporation*

Valerie Garcia, #30015
Josh Berry, #42281
HALL & EVANS, LLC
1001 17th Street, Suite 300
Denver, CO 80202
(303) 628-3417
garciav@hallevans.com
berryj@hallevans.com

2

*Attorneys for Defendant Genuine Parts Company*

Michael D. Plachy
Conor A. Flanigan
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 17th Street, Suite 3000
Denver, CO 80202
(303) 623-9000
mplachy@lrrc.com
cflanigan@lrrc.com
*Attorneys for Defendant Honeywell International, Inc. f/k/a Allied-Signal, Inc., as successor-in-interest to Bendix Corporation*

Gary M. Clexton
MILLER & STEIERT, PC
1901 W. Littleton Blvd.
Littleton, CO 80120
(720) 636-9226
gclexton@m-s-lawyers.com
*Attorneys for Defendant John Crane, Inc.*

Max K. Jones, Jr., Esq
Kyle B. Joyce, Esq.
MONTGOMERY AMATUZIO CHASE BELL JONES, LLP
4100 East Mississippi Avenue, Suite 1600
Denver, CO 80246-3048
(303) 592-6600
mjones@mac-legal.com
kjoyce@mac-legal.com
*Attorneys for Defendants Lamons Gasket Company*

Miles M. Dewhirst
Susan G. Pray
DEWHIRST & DOLVEN, LLC
650 S. Cherry Street, Suite 600
Denver, CO 80246
(303) 757-0003
mdewhirst@dewhirstdolven.com
spray@dewhirstdolven.com
*Attorneys for defendant Metropolitan Life Insurance Company*

Charles E. Weaver, No. 948
Amy L. Twohey, No. 33414
JACHIMIAK PETERSON, LLC

3

1819 Denver West Drive, Suite 265
Golden, CO 80401
(303) 863-7700
cweaver@jpfirm.law
atwohey@jpfirm.law
*Attorneys for Defendant Riley Power, Inc.*

Kyle M. Bogdan, No. 46851
LATHROP GAGE LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202
(720) 931-3200
KBOGDAN@LATHROPGAGE.COM
*Attorneys for Defendant U.S. Engineering Company*

Gregg S. Rich, #31948
Rachael M. Wachs, #48809
COOMBE CURRY RICH & JARVIS
1660 Lincoln Street, Suite 2950
Denver, CO 80264
(303) 572-4200
rich@ccrjlaw.com
wachs@ccrjlaw.com
*Attorneys for Defendants Viking Pumps, Inc. and Superior Boiler Works, Inc.*

*s/ Katherine Mercer-Lawson*
Erik D. Nadolink
Katherine Mercer-Lawson
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email: nadolink@wtotrial.com
          mercerlawson@wtotrial.com

Attorneys for Defendant General Electric Company

4