EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
03/28/2018
CT Log Number 533051863

**TO:**   Steve Murray
Electric Insurance Company
75 Sam Fonzo Dr
Beverly, MA 01915-1000

**RE:**   Process Served in Colorado

**FOR:**   General Electric Company  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICHARD A. MESTAS, SR and LORI ANN MUSE, etc., Pltfs. vs. AIR & LIQUID SYSTEMS CORPORATION, etc., et al., Dfts. // To: GENERAL ELECTRIC COMPANY |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet |
| **COURT/AGENCY:** | Denver County Court, CO<br>Case # 2018CV30820 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Centennial, CO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/28/2018 at 11:15 |
| **JURISDICTION SERVED :** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | John R. Crone<br>ANDRUS WAGSTAFF. PC<br>7171 W. Alaska Dr.<br>Lakewood, CO 80230<br>303-376-6360 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/30/2018, Expected Purge Date: 04/04/2018<br><br>Image SOP<br><br>Email Notification,  Steve Murray  stephen.murray@electricinsurance.com<br><br>Email Notification,  Erik Nadolink  nadolink@wtotrial.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Company<br>7700 E ARAPAHOE RD STE 220<br>CENTENNIAL, CO 80112-1268<br>213-337-4615 |

Page 1 of  1 / NR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A                                                                                 1

3/28/18
DS
11:15 AM

| DISTRICT COURT, DENVER COUNTY,<br>City and County of Denver, Colorado<br>1437 Bannock Street<br>Denver, CO 80203<br>(720) 865-7800 | DATE FILED: March 7, 2018 2:03 PM<br>FILING ID: F57D8B8EA6F11<br>CASE NUMBER: 2018CV30820<br><br>▲COURT USE ONLY▲ |
|---|---|
| Plaintiffs:<br><br>**RICHARD A. MESTAS, SR and**<br>**LORI ANN MUSE,** individuals.<br><br>v.<br><br>Defendants:<br><br>**AIR & LIQUID SYSTEMS CORPORATION, a/k/a**<br>**BUFFALO PUMPS, INC., et al.** | Case Number: _____<br><br>Div.: _____ |
| ANDRUS WAGSTAFF, PC<br>John R. Crone, Esq. Colo. Bar No. 48284<br>ANDRUS WAGSTAFF, PC<br>7171 W. Alaska Dr.<br>Lakewood, CO 80230<br>Telephone: (303) 376-6360<br>Email: John.Crone@andruswagstaff.com | |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT: <u>General Electric Company</u>**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS
©2013 Colorado Judicial Department for use in the Courts of Colorado

Exhibit A                                                    2

Dated: _____

_____
Clerk of Court/Clerk

_/s John R. Crone, Esq._
Signature of Plaintiff

Andrus Wagstaff
7171 W. Alaska Dr.
Lakewood, CO 80226
Address of Plaintiff

(303) 376-6360
Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

Exhibit A                                                                 3

<table>
<tr><td>

**DISTRICT COURT, DENVER COUNTY,**
**City and County of Denver,**
**Colorado**
**1437 Bannock Street**
**Denver, CO 80203**
**(720) 865-7800**

</td><td>

DATE FILED: March 7, 2018 2:03 PM
FILING ID: F57D8B8EA6F11
CASE NUMBER: 2018CV30830
▲**COURT USE ONLY**▲

</td></tr>
</table>

|  |  |
|---|---|
| Plaintiffs:<br><br>**RICHARD A. MESTAS, SR** and<br>**LORI ANN MUSE,** individuals.<br><br>v.<br><br>Defendants: | Case Number: _____<br><br>Div.: _____ |

**AIR & LIQUID SYSTEMS CORPORATION**, a/k/a BUFFALO PUMPS, INC;
**AURORA PUMP COMPANY;**
**BORGWARNER MORSE TEC, LLC,** (sued individually and as *successor by merger to* BORG-WARNER CORPORATION);
**BRYAN STEAM, LLC;**
**BURNHAM, LLC** a/k/a BURNHAM COMMERCIAL;
**CBS CORPORATION,** *f/k/a* VIACOM, INC. *merger to* CBS CORPORATION, *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION, (sued individually and as successor-in-interest to WESTINGHOUSE ELECTRIC CORPORATION);
**CERTAINTEED CORPORATION;**
**CLEAVER-BROOKS, INC.** *f/k/a* CLEAVER-BROOKS, *a division of* AQUA-CHEM., INC,
**CRANE CO.,** (*sued individually and as successor-in-interest to* COCHRANE, INC., *a/k/a* JENKINS VALVES, INC.);
**CROWN CORK & SEAL COMPANY, INC;**
**FLOWSERVE CORPORATION**, (*sued individually and as successor-in-interest to* BW/IP INTERNATIONAL INC., *f/k/a* BYRON JACKSON PUMP DIVISION);
**FMC CORPORATION**, (*sued as successor of* NORTHERN PUMPS and PEERLESS PUMPS);
**GARDNER DENVER, INC;**
**GENERAL ELECTRIC COMPANY;**
**GENUINE PARTS COMPANY**a/k/a NAPA (sued individually and d/b/a RAYLOC BRAKES);
**GRINNELL, LLC;**

| | |
|---|---|
| **HONEYWELL INTERNATIONAL, INC.** f/k/a ALLIED-SIGNAL, INC. (sued as successor-in-interest to BENDIX CORPORATION); **INGERSOLL-RAND COMPANY; ITT GOULDS PUMPS, INC JOHN CRANE, INC; LAMONS GASKET COMPANY; METROPOLITAN LIFE INSURANCE COMPANY**; **NATKIN & COMPANY ; PEERLESS BOILERS**, d./b/a PB HEAT, LLC.; **RILEY POWER INC; RITE ENGINEERING & MANUFACTURING CORPORATION; SUPERIOR BOILER WORKS, INC; TRANE US, INC.**, f/k/a AMERICAN STANDARD, INC; **UNION CARBIDE CORPORATION; U.S. ENGINEERING COMPANY; VIKING PUMP, INC; WARREN PUMPS, LLC; WEIL-MCCLAIN.** | |
| John R. Crone, Esq. Colo. Bar No. 48284 ANDRUS WAGSTAFF, PC 7171 W. Alaska Dr. Lakewood, CO 80230 Telephone: (303) 376-6360 Email: John.Crone@andruswagstaff.com | |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

Exhibit A                                                                    5

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☒ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*
☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

**3.** ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this
      box is optional.)

Date: _____3/07/2018_____ __ _____       ____/s/ John R. Crone_____
                                                  Signature of Party or Attorney for Party

Exhibit A          6

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY,**<br>**City and County of Denver, Colorado**<br>**1437 Bannock Street**<br>**Denver, CO 80203**<br>**(720) 865-7800** | DATE FILED: March 7, 2018 2:03 PM<br>FILING ID: F57D8B8EA6F11<br>CASE NUMBER: 2018CV30820<br>**▲COURT USE ONLY▲** |
| Plaintiffs:<br>**RICHARD A. MESTAS, SR and**<br>**LORI ANN MUSE,** individuals.<br><br>Defendants:<br><br>**AIR & LIQUID SYSTEMS CORPORATION,** a/k/a BUFFALO PUMPS, INC;<br>**AURORA PUMP COMPANY;**<br>**BORGWARNER MORSE TEC, LLC,** (sued individually and as *successor by merger to* BORG-WARNER CORPORATION);<br>**BRYAN STEAM, LLC;**<br>**BURNHAM, LLC** a/k/a BURNHAM COMMERCIAL;<br>**CBS CORPORATION,** *f/k/a* VIACOM, INC**.** *merger to* CBS CORPORATION, *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION, (sued individually and as successor-in-interest to WESTINGHOUSE ELECTRIC CORPORATION);<br>**CERTAINTEED CORPORATION;**<br>**CLEAVER-BROOKS, INC.** *f/k/a* CLEAVER-BROOKS, *a division of* AQUA-CHEM., INC,<br>**CRANE CO.,** (*sued individually and as successor-in-interest to* COCHRANE, INC., *a/k/a* JENKINS VALVES, INC.);<br>**CROWN CORK & SEAL COMPANY, INC;**<br>**FLOWSERVE CORPORATION,** (*sued individually and as successor-in-interest to* BW/IP INTERNATIONAL INC., *f/k/a* BYRON JACKSON PUMP DIVISION);<br>**FMC CORPORATION,** (*sued as successor of* NORTHERN PUMPS and PEERLESS PUMPS);<br>**GARDNER DENVER, INC;**<br>**GENERAL ELECTRIC COMPANY;**<br>**GENUINE PARTS COMPANY** a/k/a NAPA (sued individually and d/b/a RAYLOC BRAKES);<br>**GRINNELL, LLC;**<br>**HONEYWELL INTERNATIONAL, INC.** f/k/a ALLIED-SIGNAL. INC. (sued as successor-in-interest to BENDIX CORPORATION);<br>**INGERSOLL-RAND COMPANY;**<br>**ITT GOULDS PUMPS, INC**<br>**JOHN CRANE, INC;** | Case Number:<br><br>Div.:_____<br><br>Courtroom:_____ |

1

| | |
|---|---|
| **LAMONS GASKET COMPANY;**<br>**METROPOLITAN LIFE INSURANCE COMPANY;**<br>**NATKIN & COMPANY ;**<br>**PEERLESS BOILERS**, d./b/a PB HEAT, LLC.;<br>**RILEY POWER INC;**<br>**RITE ENGINEERING & MANUFACTURING**<br>**CORPORATION;**<br>**SUPERIOR BOILER WORKS, INC;**<br>**TRANE US, INC.**, f/k/a AMERICAN STANDARD, INC;<br>**UNION CARBIDE CORPORATION;**<br>**U.S. ENGINEERING COMPANY;**<br>**VIKING PUMP, INC;**<br>**WARREN PUMPS, LLC;**<br>**WEIL-MCCLAIN.** | |
| John R. Crone<br>**Colorado Bar No. 48284**<br>**ANDRUS WAGSTAFF, PC**<br>7171 W. Alaska Drive<br>Lakewood, Colorado 80226<br>Telephone: (720) 208-9414<br>E-mail: aimee.wagstaff@andruswagstaff.com | |
| Ryan M. Sweet, Esq.<br>**FLINT LAW FIRM, LLC**<br>*To Be Admitted Pro Hac Vice*<br>IL State Bar No. 6307137<br>222 E. Park St., Suite 500<br>P.O. Box 189<br>Edwardsville, IL 62025<br>Telephone: (618) 288-4777<br>E-mail:<br>RSweet@FlintLaw.com | |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

COME NOW Plaintiffs, RICHARD A. MESTAS, SR. and LORI ANN MUSE,

complaining of the various Defendants listed below and for cause of action show the Court and

Jury as follows:

## PARTIES

1.     Plaintiffs RICHARD A. MESTAS, SR. and LORI ANN MUSE reside at 4153

2

Exhibit A                                                        8

Cotopaxi Drive, Loveland, Colorado 80538. RICHARD A. MESTAS, SR. has been diagnosed with mesothelioma, an asbestos-related cancer.

2.      Certain Defendants named herein reside in this County, maintain offices in this County, and/or have their principal place of business in this County, and all or a substantial part of the acts or omissions that form the basis of this lawsuit occurred in this County, therefore, venue properly lies in this County.

3.      The damages Plaintiffs seek are within the jurisdictional limits of this Court.

4.      Although Defendant **AIR & LIQUID SYSTEMS CORPORATION**, a/k/a BUFFALO PUMPS, INC has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its registered agent in Pennsylvania, The Ampco-Pittsburgh Corporation, 726 Bell Ave. Suite 301. Carnegie, PA 15106, pursuant to the Colorado Long-Arm Statute, Colo. Rev. Stat. §13-1-124. Defendant **AIR & LIQUID SYSTEMS CORPORATION**, a/k/a BUFFALO PUMPS, INC may be served through the Secretary of State for the State of Colorado. This Defendant is being sued as a manufacturer of Buffalo Pumps.

5.      Although Defendant **AURORA PUMP COMPANY** has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its registered agent in North Carolina, Lynette Jones 13320 Ballantyne Corporate Place Charlotte. NC 28277 pursuant to the Colorado Long-Arm Statute, Colo. Rev. Stat. §13-1-124. Defendant **AURORA PUMP COMPANY** may be served through the Secretary of State for the State of Colorado. This Defendant is being sued as a manufacturer of Aurora Pumps.

6.      Although Defendant **BORGWARNER MORSE TEC, LLC,** (sued individually

3

and as *successor by merger to* BORG-WARNER CORPORATION) has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its registered agent in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, pursuant to the Colorado Long-Arm Statute, Colo. Rev. Stat. §13-1-124. Defendant **BORGWARNER MORSE TEC, LLC,** (sued individually and as *successor by merger to* BORG-WARNER CORPORATION) may be served through the Secretary of State for the State of Colorado. This Defendant is being sued as a manufacturer of Borg-Warner clutches.

7. Defendant **BRYAN STEAM, LLC** may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as a manufacturer of Bryan Boilers.

8. Although Defendant **BURNHAM, LLC** a/k/a BURNHAM COMMERCIAL has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its registered agent in Pennsylvania at 1239 Harrisburg Ave., Lancaster, PA 17603, pursuant to the Colorado Long-Arm Statute, Colo. Rev. Stat. §13-1-124. Defendant **BURNHAM, LLC** may be served through the Secretary of State for the State of Colorado. This Defendant is being sued as a manufacturer of Burnham Boilers.

9. Defendant **CBS CORPORATION**, *f/k/a* VIACOM, INC. *merger to* CBS CORPORATION, *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION, (sued individually and as successor-in-interest to WESTINGHOUSE ELECTRIC CORPORATION) may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This defendant is being sued as a manufacturer of Westinghouse

4

turbines.

10. Defendant **CERTAINTEED CORPORATION** may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as a manufacturer of asbestos containing pipe.

11. Defendant **CLEAVER-BROOKS, INC.** *f/k/a* CLEAVER-BROOKS, *a division of* AQUA-CHEM., INC, may be served with process through its registered agent, Corporation Service Company 1900 W. Littleton Boulevard, Littleton, CO 80120. This Defendant is being sued as a manufacturer of Cleaver-Brooks boilers.

12. Defendant **CRANE CO.,** (*sued individually and as successor-in-interest to* COCHRANE. INC., *a/k/a* JENKINS VALVES, INC.), may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as a manufacturer of asbestos containing valves.

13. Although Defendant **CROWN CORK & SEAL COMPANY, INC.,** has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its registered agent in Illinois, Marlene Custance 5555 W. 115th Street Alsip, Illinois 60803, pursuant to the Colorado Long-Arm Statute, Colo. Rev. Stat. §13-1 124. Defendant **CROWN CORK & SEAL COMPANY, INC.** may be served through the Secretary of State for the State of Colorado. This Defendant is being sued as a manufacturer/distributor of asbestos containing insulation.

14. Defendant **FLOWSERVE CORPORATION**, (*sued individually and as successor-in-interest to* BW/IP INTERNATIONAL INC., *f/k/a* BYRON JACKSON PUMP DIVISION) may be served with process through its registered agent, The Corporation Company,

5

7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as a manufacturer of asbestos containing pumps.

15.    Defendant **FMC CORPORATION**, (*sued as successor of* NORTHERN PUMPS and PEERLESS PUMPS) may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as a manufacturer of asbestos containing pumps.

16.    Defendant **GARDNER DENVER, INC.**, may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as a manufacturer of Gardner Denver pumps.

17.    Defendant **GENERAL ELECTRIC COMPANY**, may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as a manufacturer of General Electric Turbines.

18.    Defendant **GENUINE PARTS COMPANY** a/k/a NAPA (sued individually and d/b/a RAYLOC BRAKES) may be served with process through its registered agent, The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202. This Defendant is being sued as a manufacturer of Rayloc Brakes and Standard Motor Products/EIS and as a supplier of asbestos-containing friction products.

19.    Defendant **GRINNELL, LLC,** may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as a manufacturer of Grinnell valves.

20.    Defendant **HONEYWELL INTERNATIONAL, INC.** f/k/a ALLIED-SIGNAL, INC. (sued as successor-in-interest to BENDIX CORPORATION) may be served with process through its registered agent, Corporation Service Company, 1900 W. Littleton Boulevard,

Littleton, CO 80120. This Defendant is being sued as a manufacturer of Bendix Brakes.

21.     Defendant **INGERSOLL-RAND COMPANY** may be served with process through its registered agent, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120. This Defendant is being sued as a manufacturer of Ingersoll-Rand pumps.

22.     Defendant **ITT GOULDS PUMPS, INC.,** may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as a manufacturer of Goulds pumps.

23.     Defendant **JOHN CRANE, INC.,** may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as a manufacturer of asbestos packing and gaskets.

24.     Defendant **LAMONS GASKET COMPANY** may be served with process through its registered agent, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120. This Defendant is being sued as a manufacturer/distributor of asbestos gaskets.

25.     Defendant **METROPOLITAN LIFE INSURANCE COMPANY** may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112.  This Defendant is being sued as a Conspiracy Defendant.

26.     Defendant **NATKIN & COMPANY** may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as an Employer Defendant and Premise Defendant.

27.     Although Defendant **PEERLESS BOILERS**, d./b/a PB HEAT, LLC., has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its registered agent in Pennsylvania at 131 S. Church St., PO Box 280, Bally, PA 19503,  pursuant to the Colorado Long-Arm Statute, Colo.

Rev. Stat. §13-1-124. Defendant **PEERLESS BOILERS** may be served through the Secretary of State for the State of Colorado. This Defendant is being sued as a manufacturer of Peerless Boilers.

28.      Defendant **RILEY POWER INC.,** (sued as successor-in-interest to UNION IRON WORKS) may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112.  This Defendant is being sued as a manufacturer of Union Iron Works boilers.

29.      Although   Defendant   **RITE   ENGINEERING   &   MANUFACTURING CORPORATION** has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its registered agent in California, Margaret C. Light, 5832 Garfield Ave., Commerce, CA 90040, pursuant to the Colorado Long-Arm Statute, Colo. Rev. Stat. §13-1-124. Defendant **RITE ENGINEERING & MANUFACTURING CORPORATION** may be served through the Secretary of State for the State of Colorado. This Defendant is being sued as a manufacturer of Rite Boilers.

30.      Although Defendant **SUPERIOR BOILER WORKS, INC** has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its registered agent in Kansas, R. Doug Wright, 3542 E. 4th St., Hutchinson, Kansas 67501,  pursuant to the Colorado Long-Arm Statute, Colo. Rev. Stat. §13-1-124. Defendant **SUPERIOR BOILER WORKS, INC** may be served through the Secretary of State for the State of Colorado. This Defendant is being sued as a manufacturer of Superior Boilers.

31.      Defendant **TRANE US, INC**., f/k/a AMERICAN STANDARD, INC, may be served with process through its registered agent, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120. This Defendant is being sued as a manufacturer of American

8

Standard Boilers.

32.     Defendant **UNION CARBIDE CORPORATION** may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112.  This Defendant is being sued as a supplier of asbestos fibers.

33.     Defendant **U.S. ENGINEERING COMPANY** may be served with process through its registered agent, The Corporation Company, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112. This Defendant is being sued as an Employer Defendant and Premise Defendant.

34.     Although Defendant **VIKING PUMP, INC.** has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its registered agent in Iowa, CT Corporation System, 400 E. Court Avenue, Suite 110, Des Moines, IA 50309,  pursuant to the Colorado Long-Arm Statute, Colo. Rev. Stat. §13-1-124. Defendant **VIKING PUMP, INC.** may be served through the Secretary of State for the State of Colorado. This Defendant is being sued as a manufacturer of Viking pumps.

35.     Although Defendant **WARREN PUMPS, LLC.** has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its registered agent in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, pursuant to the Colorado Long-Arm Statute, Colo. Rev. Stat. §13-1-124. Defendant **WARREN PUMPS, LLC.** may be served through the Secretary of State for the State of Colorado. This Defendant is being sued as a manufacturer of Warren pumps.

36.     Defendant **WEIL-MCCLAIN**, may be served with process through its registered

9

agent, CT Corporation System, 1675 Broadway Ste. 1200, Denver, CO 80202. This Defendant is being sued as a manufacturer of Weil-McClain boilers.

### JURISDICTION AND VENUE

37.     The Court has subject matter and personal jurisdiction over the Defendants because the events giving rise to this Complaint occurred in Colorado. Defendants, at all times relevant hereto, were engaged in business in Colorado as described in this Complaint. As such, the Defendants purposefully availed themselves of the privilege of conducting activities within the State of Colorado. Plaintiff sustained injury as a result of Defendants' conduct in this jurisdiction.

38.     Venue is proper in Denver County pursuant to Colorado Rule of Civil Procedure Rule 98(c)(1) as Denver County is the county in which the defendants, or any of them, reside at the commencement of this action.

### EXEMPTION FROM C.R.C.P. 16.1

39.     This action is exempt from C.R.C.P. 16.1. Plaintiffs and their counsel explored the potential benefits of C.R.C.P. 16.1 and believe that application of the Rule to this action would not be appropriate because Plaintiff seeks a monetary judgment against Defendants substantially in excess of the $100,000.00 limitations for C.R.C.P. 16.1 actions. Therefore, C.R.C.P. 16 shall govern this action.

### COMMON ALLEGATIONS

40.     This is a lawsuit for damages for the personal injuries of plaintiff due to his exposure to asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos, and/or asbestos-containing products. RICHARD A. MESTAS, SR. suffers from asbestos-related mesothelioma as a result of his exposure to asbestos dust and/or fibers from said asbestos, asbestos-containing products and/or equipment manufactured, sold, and/or distributed by

10

the Defendants, their predecessors-in-interest and/or alter egos as described herein. Plaintiffs bring this action prior to the expiration of the applicable statute of limitations.

41.     Defendants, their predecessors-in-interest and/or alter egos as described herein, at all times material hereto, were engaged in the manufacture, sale and/or distribution of asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.

42.     From approximately 1953 to 1974, Plaintiff RICHARD A. MESTAS, SR. was exposed to asbestos through his Father, Samuel Mestas, Deceased, who worked as a plumber/pipefitter for Natkin & Company and U.S. Engineering Company in Fort Collins, Colorado. During this time, Samuel Mestas was exposed to asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products. While Samuel Mestas used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products and equipment, dangerously high levels of asbestos fibers were released into the air at his work place. These fibers were carried home on his clothing and were frequently inhaled and ingested by Plaintiff RICHARD A. MESTAS, SR.

43.     From approximately 1968 to 1992, Plaintiff RICHARD A. MESTAS, SR. was exposed to asbestos while performing maintenance and repairs to the family's and his personal vehicles. During this time, he worked with asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products including, but not limited to, Bendix Brakes, Rayloc Brakes, Napa Brakes, Standard Motor Products Brakes, Napa Clutches, and Borg Warner clutches. He was also exposed to asbestos-containing brake linings supplied by Genuine Parts Company a/k/a NAPA (sued individually and d/b/a Rayloc Brakes) and Honeywell International, Inc., f/k/a Allied-Signal, Inc. (sued as successor-in-interest to Bendix Corporation).

11

44.     As a result of Plaintiff RICHARD A. MESTAS, SR.'s exposure to asbestos dust and/or fibers, Plaintiff RICHARD A. MESTAS, SR. inhaled dust containing asbestos fibers released into his breathing zone from his work with and/or around the asbestos, asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, which were manufactured, sold, and/or distributed by the Defendants, their predecessors-in-interest and/or alter egos as described herein, resulting in his mesothelioma.

## COUNT ONE – NEGLIGENCE

### (Against All Defendants, Except Metropolitan Life Insurance Company)

45.     At all material times, Defendants, their predecessors-in-interest and/or alter egos as described herein, are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.

46.     The Defendants, their predecessors-in-interest and/or alter egos as described herein, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, to be placed in the stream of interstate commerce, the result of said asbestos-containing products and/or equipment came into use by Plaintiff RICHARD A. MESTAS, SR. and/or his Father, Samuel Mestas.

47.     From approximately 1953 to 1974, Plaintiff RICHARD A. MESTAS, SR. was exposed to asbestos through his Father, Samuel Mestas, Deceased, who worked as a plumber/pipefitter for Natkin & Company and U.S. Engineering Company in Fort Collins, Colorado. During this time, Samuel Mestas was exposed to asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products. While Samuel Mestas used, handled, and/or was in the vicinity of others using or handling asbestos

12

Exhibit A                                                          18

or asbestos-containing products and equipment, dangerously high levels of asbestos fibers were released into the air at his work place. These fibers were carried home on his clothing and were frequently inhaled and ingested by Plaintiff RICHARD A. MESTAS, SR.

48.    Throughout the course of his employment, Plaintiff RICHARD A. MESTAS, SR.'s father, Samuel Mestas, personally used, worked with, and was exposed to asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, which were mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants. These products and materials released airborne asbestos fibers and/or asbestiform fibers, which covered portions of his work clothing that he wore home to his family.  As a result of the Defendants' failure to warn about the dangers of asbestos, Mr. Mestas inadvertently transported the toxic asbestos fibers and/or asbestiform fibers home where his son,  RICHARD A. MESTAS, SR., repeatedly inhaled and ingested these fibers causing him to contract mesothelioma, an asbestos related disease.

49.    Throughout the course of his employment, Plaintiff's father, Samuel Mestas, was exposed to Defendants', or their predecessors-in-interest and/or alter egos as described herein, asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.  These products and materials released airborne asbestos fibers and/or asbestiform fibers, which covered portions of his work clothing that he wore home to his family.  As a result of the Defendants' failure to warn about the dangers of asbestos, Mr. Mestas inadvertently transported the toxic asbestos fibers and/or asbestiform fibers home where his son RICHARD A. MESTAS, SR., repeatedly inhaled and ingested these fibers, which exposure directly and proximately caused Plaintiff RICHARD A. MESTAS SR. to develop an illness known and designated as mesothelioma.

50.    During the course of the Plaintiff, RICHARD A. MESTAS, SR.'s non-occupational

13

work projects and/or in other ways, personally used, worked with, and was exposed to asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, which were mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants.

51. Defendants, their predecessors-in-interest and/or alter egos as described herein, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell asbestos, asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff RICHARD A. MESTAS, SR.'s father, Samuel Mestas, and foreseeable users of said products and/or equipment of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

52. Plaintiff RICHARD A. MESTAS, SR.'s father, Samuel Mestas, whose livelihood was dependent upon the work that he did for the various employers listed in the previous paragraphs, was required to work with and/or around asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, processed, distributed, supplied and/or sold by Defendants. Defendants knew or should have known that persons personally using and employed, such as Samuel Mestas would be required to, and would come into contact with, and would work and be in close proximity to said asbestos, asbestos-containing products and/or equipment.

53. Plaintiff RICHARD A. MESTAS, SR. sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Plaintiff RICHARD A. MESTAS, SR.'s development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of the Defendants, their predecessors-in-interest and/or alter

egos as described herein, in that they manufactured, processed, sold, supplied or otherwise put said asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products and/or equipment were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff RICHARD A. MESTAS, SR.'s body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff RICHARD A. MESTAS, SR. would not know of such danger to his health.

54.     Plaintiff RICHARD A. MESTAS, SR.'s illness and disabilities are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos, asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products were deleterious, poisonous, and highly harmful to Plaintiff RICHARD A. MESTAS, SR.'s body, lungs, respiratory system, skin, and health.

55.     The illnesses and disabilities of Plaintiff RICHARD A. MESTAS, SR. were a direct and proximate result of the negligence of Defendants, their predecessors-in-interest and/or alter egos as described herein, in that said entities engaged in the production, design, manufacture, distribution, sale, and/or otherwise put into the stream of commerce asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products which specified the use of and/or incorporated asbestos in the design of their products and/or equipment which the Defendants knew, or in the exercise of ordinary care should have known, would be deleterious and highly harmful to Plaintiff RICHARD A. MESTAS, SR.'s health and well-being. The Defendants, their predecessors-in-interest and/or alter egos as described

15

herein were negligent in one, some and/or all of the following respects, among others, the same being the proximate cause of Plaintiff RICHARD A. MESTAS, SR.'s illnesses and disabilities:

(a)    in failing to timely and adequately warn Plaintiff RICHARD A. MESTAS, SR. of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)    in failing to provide Plaintiff RICHARD A. MESTAS, SR. with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff RICHARD A. MESTAS, SR. from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)    in failing to place timely and adequate warnings on the asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and adequately advising persons such as Plaintiff RICHARD A. MESTAS, SR. of the dangers to his health from inhaling the dust from the said asbestos-containing products and/or equipment;

(d)    in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing the asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products described above;

(e)    in failing to develop and utilize or distribute a substitute material to eliminate asbestos fibers in the Defendants' asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)    in failing to properly design, manufacture or market the Defendants' asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products with adequate warnings for safe use under conditions of use that were reasonably anticipated and foreseeable despite knowledge of the unsafe and unreasonably dangerous nature of such products and/or equipment;

(g)    in failing to properly test the asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products before they were released for use by persons such as Plaintiff RICHARD A. MESTAS, SR.;

(h)    in failing to recall and/or remove from the stream of commerce the asbestos fibers, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and unreasonably dangerous nature of such products and/or equipment.

16

56.     To the extent Defendants allege their fault or negligence should be reduced or apportioned based on the conduct of others who are not named herein as parties, Plaintiffs allege all such persons acted together and in concert whereby no apportionment is feasible, and the named Defendants were acting in cooperative and joint fashion and thereby would be jointly and severally liable pursuant to C.R.S. § 13-12-111.5(4) for any alleged misconduct, errors and omissions, or other conduct of any possible "non-party."

### COUNT FIVE – NEGLIGENCE AGAINST SUPPLIER DEFENDANTS

57.     All of the allegations contained in the previous paragraphs are re-alleged herein.

58.     For all pertinent times, **UNION CARBIDE CORPORATION** individually, sold, distributed, and supplied asbestos and asbestos-containing product(s) which Plaintiff RICHARD A. MESTAS, SR. came in contact with and utilized, and asbestos which Plaintiff RICHARD A. MESTAS, SR. inhaled, causing his injuries and illnesses. Specifically, **UNION CARBIDE CORPORATION** fraudulently misrepresented that its Calidria asbestos was safer than other types of chrysotile asbestos to induce asbestos manufacturers to purchase Calidria, when **UNION CARBIDE CORPORATION** knew that no scientific basis existed for making such a claim.

59.     For all pertinent times, **GENUINE PARTS COMPANY** a/k/a NAPA (sued individually and d/b/a RAYLOC BRAKES), and **UNION CARBIDE CORPORATION**, (hereinafter "Supplier Defendants") individually sold, distributed, and supplied asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, that Plaintiff RICHARD A. MESTAS, SR. came in contact with and/or utilized, and asbestos that he inhaled, causing his injuries and illnesses.

60.     Supplier Defendants as manufacturers, miners, shippers, distributors, and suppliers of asbestos fibers, and/or asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products to various locations owned and/or operated

17

by asbestos product manufacturers, are liable to Plaintiffs for failure to warn of the health hazards of exposure to asbestos and failure to design and package their products and/or equipment so as to adequately protect and warn users of the dangers of exposure to asbestos.

61.     Further, Supplier Defendants are liable to Plaintiff RICHARD A. MESTAS, SR. as professional vendors of asbestos, asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and as such, because of the Defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the said asbestos, asbestos-containing products, and/or equipment they sold, and are strictly liable and negligent for failing to warn the users of potential health hazards from the use of said products and/or equipment.

62.     Further, Supplier Defendants made misrepresentations regarding the safety of asbestos to the asbestos-product manufacturers, thereby fraudulently inducing other sophisticated users to use Supplier Defendants' asbestos and/or asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products instead of other types. As such, Supplier Defendants are liable to Plaintiff RICHARD A. MESTAS, SR. for the suffering and injuries from a disease caused by exposure to the Supplier Defendants' asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products because Supplier Defendants' fraudulent misrepresentations were detrimentally relied upon (1) by asbestos-product manufacturers incorporating Supplier Defendants' asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products into their finished products and (2) by Plaintiff RICHARD A. MESTAS, SR. who was exposed to the said asbestos, asbestos-containing products, and/or equipment.

63.     Finally, Supplier Defendants are liable to Plaintiffs because they knew or should

18

Exhibit A                                                                                     24

have known that the asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products which they sold and supplied, were unreasonably dangerous in normal use, and their failure to communicate this information constitutes negligence. This negligence was the cause of Plaintiff RICHARD A. MESTAS, SR.'s injuries, including, but not limited to, mesothelioma and other ill health effects.

<u>**COUNT SIX - STRICT LIABILITY**</u>

**(Against All Defendants, Except Metropolitan Life Insurance Company)**

64.    All of the allegations contained in the previous paragraphs are re-alleged herein.

65.    Plaintiffs allege the asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products which were produced, designed, manufactured, distributed or otherwise put into the stream of commerce by the Defendants, and/or their predecessors-in-interest and/or alter egos as described herein, were the proximate cause of Plaintiff RICHARD A. MESTAS, SR.'s mesothelioma. Plaintiffs would show that the condition of the said asbestos, asbestos-containing products, and/or equipment, and lack of adequate warnings rendered such products and/or equipment defective in design, manufacture, and marketing, making them unreasonably dangerous for their intended and foreseeable use. The Defendants produced, designed, manufactured, distributed or otherwise put such asbestos, asbestos-containing products, and/or equipment into the stream of commerce and they reached Plaintiff RICHARD A. MESTAS, SR. in such defective condition without substantial change.

66.    Defendants, their predecessors-in-interest and/or alter egos as described herein, at all times material hereto, were engaged in the manufacture, sale and/or distribution of asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and these asbestos-containing products and/or equipment, without

19

substantial change in the condition in which they were sold, were the proximate cause of the disease, illnesses, and/or disabilities of Plaintiff RICHARD A. MESTAS, SR..

67.     Defendants knew or should have known that persons personally using and workers such as Plaintiff and Plaintiff's father,  would use these asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products without inspection for defects and in fact, Defendants knew or should have known persons in Plaintiff's position would not be able to detect such defects, and by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and installation of said asbestos-containing products and/or equipment.

68.     Plaintiff RICHARD A. MESTAS, SR. was unaware of the hazards and defects in the asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products of the Defendants that made them unsafe for the purposes of manipulation, installation, and personal use.

69.     During the period that Plaintiff RICHARD A. MESTAS, SR. was exposed to the asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, these products and/or equipment were being utilized in a manner in which the Defendants intended.

70.     Defendants are deemed to be strictly liable for the asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos- containing products at issue under C.R.S. 13-21-402(2) because Defendants, and/or their predecessors-in-interest and/or alter egos as described herein, had actual knowledge that said asbestos, asbestos-containing products, and/or equipment were unreasonably dangerous because of the defects in design, manufacturing and/or marketing.

71.     Plaintiffs allege the asbestos, asbestos-containing products, and/or equipment

requiring or calling for the use of asbestos and/or asbestos-containing products which were manufactured, distributed, processed, imported, converted, compounded, and/or sold by the Defendants, their predecessors-in-interest and/or alter egos as described herein, were the proximate cause of Plaintiff RICHARD A. MESTAS, SR.'s mesothelioma. Plaintiffs would show that the condition of said asbestos, asbestos-containing products, and/or equipment, and lack of adequate warnings, rendered such asbestos-containing products and/or equipment defective in design, manufacture and marketing, making them unreasonably dangerous for their intended and foreseeable use. The Defendants placed such products and/or equipment into the stream of commerce and they reached Plaintiff RICHARD A. MESTAS, SR. in such defective condition without substantial change.

72.     Defendants, their predecessors-in-interest and/or alter egos as described herein, at times material hereto, were engaged in the manufacture, sale and/or distribution of asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and these, without substantial change in the condition in which they were sold, were the proximate cause of the disease, illnesses, and/or disabilities of Plaintiff RICHARD A. MESTAS, SR..

73.     Defendants, their predecessors-in-interest and/or alter egos as described herein, should have known, and in fact did know, that workers and personal users such as Plaintiff RICHARD A. MESTAS, SR. would use the said asbestos-containing products and/or equipment without inspection for defects and in fact, Defendants should have known, and in fact did know, persons in Plaintiff RICHARD A. MESTAS, SR. and Plaintiff's father, Samuel Mestas' position would not be able to detect such defects. By placing asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products on the market, Defendants represented that said products and/or equipment were safe for the job for which

21

Exhibit A                                                                              27

they were intended, which must necessarily include safe manipulation, installation, and personal use of said products.

74.     Plaintiff RICHARD A. MESTAS, SR.   and his father, Samuel Mestas, were unaware of the hazards and defects in the asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, distributed, processed, imported, converted, compounded, and/or sold by the Defendants, their predecessors-in-interest and/or alter egos as described herein, that made them unreasonably dangerous without an adequate warning for the purposes of manipulation, installation, and personal use.

75.     Plaintiff RICHARD A. MESTAS, SR. and his father Samuel Mestas utilized the asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products in a manner which Defendants intended even though the Defendants knew that using said products and/or equipment as intended was unreasonably dangerous to the user.

76.     The Defendants' asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products lacked adequate warnings or had insufficient warnings that rendered the Defendants' asbestos, asbestos- containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products defective and unreasonably dangerous. Defendants had actual knowledge of the design and intended use of said asbestos-containing products and/or equipment as well as actual knowledge that the final products were unreasonably dangerous without an adequate warning.

## COUNT SEVEN - BREACH OF WARRANTY
### (Against All Defendants, Except Metropolitan Life Insurance Company)

77.     Plaintiffs re-allege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

78.     Defendants caused Plaintiff RICHARD A. MESTAS, SR.'s injuries and damages as stated above by manufacturing, selling, installing, and distributing asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products which failed to meet express and implied warranties of merchantability and fitness for intended purposes upon which Plaintiff RICHARD A. MESTAS, SR. had a right to rely and did rely.

79.     As a direct and proximate result of the breaches of these warranties, Plaintiff RICHARD A. MESTAS, SR. was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing him to develop the aforesaid injuries and illnesses.

## COUNT NINE- GROSS NEGLIGENCE

### (Against All Defendants, Except Metropolitan Life Insurance Company)

80.     All of the allegations contained in the previous paragraphs are re-alleged herein.

81.     The actions and inactions of Defendants, their predecessors-in-interest and/or alter egos as described herein, and as specifically alleged herein above, whether taken separately, or together, were of a character as to constitute gross negligence, which caused Plaintiff RICHARD A. MESTAS, SR.'s pain and suffering from mesothelioma and causing the damages of the Plaintiffs.

82.     The acts and omissions and inactions of Defendants, their predecessors-in-interest and/or alter egos as described herein above, whether taken separately or together, may be of such character as to constitute a pattern or practice of intentional wrongful conduct and/or malice, which caused injury to Plaintiffs, as well as Plaintiffs' damages.

## COUNT TEN – NEGLIGENCE AGAINST METROPOLITAN LIFE

83.     Plaintiffs incorporate by reference as though fully set forth herein at length all

23

previous allegations.

84.     Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered substantial aid and assistance to the manufacturers of asbestos-containing products to which Plaintiff RICHARD A. MESTAS, SR. was exposed, and such assistance by METROPOLITAN LIFE aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products by such manufacturers which proximately caused Plaintiff RICHARD A. MESTAS, SR.'s illness, injuries and disabilities.

85.     Defendant, METROPOLITAN LIFE INSURANCE COMPANY, through its Policyholders Service Bureau undertook duties owed by the asbestos-producing Defendants to Plaintiff RICHARD A. MESTAS, SR. by the testing of asbestos workers and the conduct of scientific studies. These duties included without limitation, the duty:

(1)     to test fully and adequately for health risks concomitant to the normal and intended use of their products; and

(2)     to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, METROPOLITAN LIFE knew or should have known that it was providing testing services for the ultimate protection of third persons, including Plaintiff RICHARD A. MESTAS, SR..

86.     In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. METROPOLITAN LIFE also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

87.     Plaintiff RICHARD A. MESTAS, SR. unwittingly but justifiably relied upon the

thoroughness of METROPOLITAN LIFE's tests and information dissemination, the results of which METROPOLITAN LIFE published in leading medical journals.

88.     As a direct and proximate contributing result of METROPOLITAN LIFE's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Plaintiff RICHARD A. MESTAS, SR. from asbestos exposure was increased, and (ii) Plaintiff RICHARD A. MESTAS, SR. suffered the injuries previously described.

89.     In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE acted willfully, wantonly, and with malice in calculated disregard for the welfare of the general public, including Plaintiff RICHARD A. MESTAS, SR., causing his aforementioned injuries and illnesses.

## DAMAGES

90.     As a direct and proximate result of the conduct of Defendants, Plaintiff RICHARD A. MESTAS, SR. has suffered personal injuries. Plaintiff RICHARD A. MESTAS, SR. has suffered economic losses, including costs for hospitals, physicians, pharmaceutical, and other medical expenses, and will, in the future continue to incur such expenses. Further, Plaintiff RICHARD A. MESTAS, SR. has incurred a loss of income and earning capacity. Plaintiff RICHARD A. MESTAS, SR. has also suffered non-economic losses such as physical, mental, and emotional pain and suffering, emotional distress, inconvenience, and impairment of the quality of life, and will continue to suffer such losses. In addition, Plaintiff RICHARD A. MESTAS, SR. has

been informed and alleges that his injuries are permanent and have resulted in permanent physical impairment and disfigurement. Plaintiff LORI ANN MUSE has suffered, and for a long period of time will continue to suffer, loss of consortium including, but not limited to, loss of services, marital relations, society, comfort, companionship, love and affection of her spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

### JURY DEMAND

91.     Plaintiffs respectfully demand that all issues of fact in this case be tried to a properly impaneled jury and pay the jury fee.

### PRAYER

92.     Based on the foregoing, Plaintiffs RICHARD A. MESTAS, SR. and LORI ANN MUSE demand judgment against the Defendants severally, for general damages, special damages, for the costs expended herein, for prejudgment interest from the date of the injury through judgment, and post-judgment interest on the judgment at the maximum rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**March 7, 2018**

/s/ John R. Crone

**John R. Crone**
**Colorado Bar No. 48284**
**ANDRUS WAGSTAFF, PC**
7171 W. Alaska Drive
Lakewood, Colorado 80226
Telephone: (720) 208-9414
E-mail: john.crone@andruswagstaff.com

And

26

Exhibit A                                                32

Ryan M. Sweet
**FLINT LAW FIRM, LLC.**
*To Be Admitted Pro Hac Vice*
IL State Bar No. 6307137
222 E. Park St., Suite 500
P.O. Box 189
Edwardsville, IL 62025
Telephone: (618) 288-4777
E-mail: RSweet@FlintLaw.com
ATTORNEYS FOR PLAINTIFFS

27

Exhibit A                                    33