# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Case No. 18-cv-01006-RM-NYW

RICHARD A. MESTAS, SR., *et al.*,

    Plaintiffs,

v.

AIR & LIQUID SYSTEMS CORPORATION, *et al.*,

    Defendants.

___

## OPINION AND ORDER
___

Pending before the Court is Defendant John Crane, Inc.'s ("defendant") Motion to Strike Plaintiffs' First Amended Complaint ("the motion to strike") (ECF No. 192.) Plaintiffs have filed a response (ECF No. 202) and defendant has filed a reply (ECF No. 209).

For the reasons discussed herein, the motion to strike (ECF No. 192) is GRANTED.

The principal issue, in deciding whether plaintiffs' First Amended Complaint ("FAC") should be stricken, is whether plaintiffs filed the FAC within the time limits allowed by Fed.R.Civ.P. 15 ("Rule 15") because plaintiffs filed the FAC under the assumption that it was their right as a matter of course to do so without leave or consent. Rule 15 allows a party to amend a pleading within 21 days of serving it, or, if the pleading is one to which a response is required, 21 days after service a of a responsive pleading or motion under Fed.R.Civ.P. 12(b), (e), or (f), whichever is earlier. Fed.R.Civ.P. 15(a)(1).

Plaintiffs rely solely upon the requirement that a pleading be amended within 21 days of service of a responsive pleading. (ECF No. 202 at 2-4.) Plaintiffs assert that an answer to the original complaint was filed on May 4, 2018. (*Id*. at 2.) Plaintiffs, however, ignore the fact that answers to the original complaint were also filed on May 2, 2018. (*See* ECF Nos. 94, 102.) Therefore, even if the Court accepts plaintiffs' contention that the 21-day timeline did not begin until an answer was filed after removal (*see* ECF No. 202 at 2-3), that timeline began on May 2, 2018 with the filing of answers to the original complaint.

Twenty-one days from May 2, 2018 is May 23, 2018. The FAC was filed on May 25, 2018. Therefore, the FAC was filed two days too late, and, as such, must be stricken as untimely filed.

In their response, plaintiffs also request leave to amend their original complaint. (ECF No. 202 at 4-8.) However, the Local Rules do not allow for a motion to be included in a response. D.C.Colo. L.Civ.R. 7.1(d). Therefore, to the extent plaintiff wishes to move for leave to amend the original complaint, plaintiffs must do so by filing a motion. To the extent plaintiffs decide to do this, the Court suggests that they address the arguments raised in defendant's reply in this regard. (*See* ECF No. 209 at 4-9.) Plaintiff may have until on or before June 21, 2018 to file a motion for leave to amend complaint in the manner envisioned in the FAC.[1]

Because the Court has now resolved the motion to strike, the stay in this case (ECF No. 200) is lifted as moot. In addition, because plaintiffs' motion to remand (ECF No. 183) is entirely premised upon the existence of the FAC (*see id*. at 6-8), the motion to remand is DENIED

---

[1] In other words, this deadline will not limit plaintiffs from filing a motion for leave to amend complaint, if any, down the road should one become necessary in light of the development of this case. It merely limits when plaintiffs may file a motion for leave to amend complaint in the manner that the FAC amends the original complaint.

WITHOUT PREJUDICE. As such, the motions for joinder (ECF Nos. 205-208) are DENIED AS MOOT.

For the reasons set forth herein, the Court:

(1) GRANTS the motion to strike (ECF No. 192);

(2) LIFTS the stay (ECF No. 200) as moot;

(3) DENIES WITHOUT PREJUDICE the motion to remand (ECF No. 183); and

(4) DENIES AS MOOT the motions for joinder (ECF Nos. 205-208).

**SO ORDERED.**

DATED this 14th day of June, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge