# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 1:18-cv-01006-RM-NYW

RICHARD A. MESTAS, SR., and
LORI ANN MUSE,

      Plaintiffs,

v.

AIR & LIQUID SYSTEMS CORPORATION a/k/a Buffalo Pumps, Inc.,
AURORA PUMP COMPANY,
BORGWARNER MORSE TEC, LLC, sued individually and as successor by merger to
Borg-Warner Corporation,
BRYAN STEAM, LLC,
BURNHAM, LLC a/k/a Burnham Commercial,
BW/IP INC.,
CBS CORPORATION f/k/a Viacom Inc., merger to CBS Corporation f/k/a Westinghouse
Electric Corporation, sued individually and as successor-in-interest to Westinghouse Electric
Corporation,
CERTAINTEED CORPORATION,
CLEAVER-BROOKS, INC. f/k/a Cleaver-Brooks, a division of Aqua-Chem, Inc.,
CRANE CO., sued individually and as successor-in-interest to Cochrane, Inc. a/k/a Jenkins
Valves, Inc.,
CROWN CORK & SEAL COMPANY, INC.,
FLOWSERVE CORPORATION, sued individually and as successor-in-interest to BW/IP
International Inc. f/k/a Byron Jackson Pump Division,
FMC CORPORATION, sued as successor of Northern Pumps and Peerless Pumps,
GARDNER DENVER, INC.,
GENERAL ELECTRIC COMPANY,
GENUINE PARTS COMPANY a/k/a NAPA, sued individually and d/b/a Rayloc Brakes,
GRINNELL, LLC,
HONEYWELL INTERNATIONAL INC. f/k/a Allied-Signal, Inc., sued as successor-in-interest
to Bendix Corporation,
INGERSOLL-RAND COMPANY,
ITT GOULDS PUMPS, LLC,
JOHN CRANE INC.,
LAMONS GASKET COMPANY,
METROPOLITAN LIFE INSURANCE COMPANY,
PEERLESS BOILERS d/b/a PB Heat, LLC,
RILEY POWER INC.,

RITE ENGINEERING & MANUFACTURING CORPORATION,
SUPERIOR BOILER WORKS, INC.
TRANE US, INC. f/k/a American Standard, Inc.,
UNION CARBIDE CORPORATION,
U.S. ENGINEERING COMPANY,
VIKING PUMP, INC.,
WARREN PUMPS, LLC, and
WEIL-MCCLAIN,

  Defendants.

---

**ORDER**

---

  This matter is before the Court on the January 29, 2019, Recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 288) to grant in part and deny in part a motion to dismiss filed by Defendant John Crane Inc. ("JCI") (ECF No. 154) and joined by twenty other Defendants (collectively, "the moving Defendants") (ECF Nos. 195, 196, 197, 210, 267). Defendants Cleaver-Brooks, Inc., Air & Liquid Systems Corporation, and Warren Pumps, LLC (collectively, "the objecting Defendants") filed an objection to the magistrate judge's recommendation (ECF No. 289), and Plaintiffs filed a response to the objection (ECF No. 300). The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiffs' motion for leave to amend the complaint (ECF No. 212) has been fully briefed (ECF Nos. 214-225) and is also before the Court. For the reasons given below, the Court denies the motion to amend, accepts and adopts the recommendation, overrules the objection, and grants in part and denies in part the motion to dismiss.

## I. INTRODUCTION

  No party objected to the magistrate judge's statement of the background, so the Court incorporates that portion of the recommendation herein. In summary, Plaintiffs allege that

Plaintiff Mestas' mesothelioma was caused by his exposure to asbestos. They allege that Plaintiff Mestas' father was exposed to asbestos at work and carried it home on his clothing, which in turn exposed Plaintiff Mestas to it from 1953 to 1974. They also allege Plaintiff Mestas was directly exposed to asbestos-containing products when he performed maintenance on his personal vehicles from 1968 to 1992. Plaintiff Muse seeks damages for loss of consortium.

In the complaint, Plaintiffs assert that all Defendants except Metropolitan Life were negligent in selling or requiring work around products containing asbestos without warning users of the dangers or promulgating safe-handling instructions. They also allege those Defendants were grossly negligent for engaging in a pattern or practice intentional wrongful conduct. Plaintiffs assert that Defendants who supplied the products (Genuine Parts Company and Union Carbide Corporation) misrepresented the safety of products Plaintiff Mestas used. Plaintiffs also assert claims for breach of warranty and strict liability against Defendants that sold asbestos-containing products. And Plaintiffs assert a negligence claim against Metropolitan Life for its failure to exercise reasonable care when performing testing services on behalf of the other Defendants.

## II. DISCUSSION

Because granting the motion to amend would moot the motion to dismiss, the Court first addresses the motion to amend. The order then addresses the magistrate judge's recommendation on JCI's motion to dismiss.

### A. Motion for Leave to Amend

Plaintiffs filed their complaint in the City and County of Denver District Court for the State of Colorado. Defendant General Electric Company ("GE") removed the case on the basis

of diversity jurisdiction under 28 U.S.C. § 1332.  (ECF No. 1.)  Plaintiffs then filed a first

amended complaint (ECF No. 182) and a motion to remand to state court (ECF No. 183).  The

Court struck the first amended complaint as untimely and denied the motion to remand as moot.

(ECF No. 211.)

Plaintiffs then filed a motion to for leave to amend the complaint (ECF No. 212), seeking

to join four parties to the suit.  Plaintiffs allege that the absent parties caused Plaintiff Mestas'

additional exposure to asbestos, either directly or indirectly through his father's exposure.

Plaintiffs first argue the absent parties are necessary and indispensable, requiring their joinder

under Fed. R. Civ. P. 19.  In the alternative, Plaintiffs argue the absent parties' joinder should be

permitted under Fed. R. Civ. P. 20.  Various Defendants have filed or joined motions opposing

Plaintiffs' motion, arguing that Plaintiffs are seeking to join non-diverse defendants merely to

defeat federal jurisdiction.

1.      Legal Standards

Generally, leave to amend a complaint should be given freely "when justice so requires."

Fed. R. Civ. P. 15(a)(2).  However, when a case has been removed to federal court and a plaintiff

seeks to amend a complaint by joining additional defendants whose joinder would destroy

subject matter jurisdiction, the court may either (1) deny joinder or (2) permit joinder and

remand the action to state court.  28 U.S.C. § 1447(e).

Fed. R. Civ. P. 19 requires joinder if a party is "indispensable." *McPhail v. Deere & Co.*,

529 F.3d 947, 951 (10th Cir. 2008).  Whether an absent party must be joined for a suit to proceed

requires a two-part analysis.  First, the court must determine whether the party is "necessary"

under Fed. R. Civ. P. 19(a) based on three factors:

4

> (1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations.

*Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

Second, the Court must determine whether the absent party is "indispensable" under Fed. R. Civ. P. 19(b) based on four factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id.* at 1412 (quotation omitted).

If the absent parties Plaintiffs' seek to join are not indispensable, a court may still allow them to join the case pursuant to Fed. R. Civ. P. 20. In exercising its discretion under this rule, a court considers "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, and whether it was offered in good faith." *McPhail*, 529 F.3d at 952 (quotation omitted).

2. Analysis

Based on the factors above, the Court does not agree that the absent parties are necessary under Fed. R. Civ. P. 19(a). First, the Court concludes the absent parties are not needed for the parties *already in the suit* to obtain complete relief. Plaintiffs argue that at trial some Defendants may try to shift the blame for Plaintiff Mestas' asbestos exposure to the absent parties. (ECF No. 212 at 5-6.) But even if Plaintiffs are correct, they have not identified anything that would prevent them from making a case for why Defendants (and not the absent parties) should be held

liable for whatever exposure each of them caused. A trial is the appropriate means to determine what obligations, if any, each Defendant owes to Plaintiffs, and Plaintiffs have not shown that they cannot obtain complete relief from any Defendant without the absent parties. Second, Plaintiffs have not shown that the absent parties have an interest in this suit that would be impaired. Indeed, it is at least as likely that they have an interest in avoiding becoming parties in this suit. Moreover, the outcome of this suit will not address any obligations the absent parties may have vis-a-vis Plaintiffs or bind them in any subsequent litigation. Third, Plaintiffs' concern about multiple or inconsistent verdicts is misplaced. The relevant inquiry focuses on multiple or inconsistent *obligations*. Again, this suit will not result in any determination about the absent parties' obligations to Plaintiffs, so if any such obligations are determined to exist in a future proceeding, they will not be inconsistent with Defendants' obligations as determined by this suit. Therefore, the Court declines to find the absent parties are necessary to this suit.

Nor is the Court persuaded that the absent parties are indispensable under Fed. R. Civ. P. 19(b). The Court does not discern how a judgment in this suit would be prejudicial to the current parties or the absent parties, so the Court does not find the first two factors above to be that helpful. The outcome of this case will not affect the absent parties or Plaintiffs' ability to seek relief from them. With respect to the third factor, the Court finds no basis to infer that judgment rendered without the absent parties would be inadequate. With respect to the fourth factor, the *Rishell* court stated that "[t]he availability of an alternative forum is primarily of negative significance under Rule 19." 94 F.3d at 1413 (quotation omitted). Thus, while "[t]he absence of an alternative forum would weigh heavily, if not conclusively against dismissal . . . the existence of another forum would not have as significant an impact in favor of dismissal."

*Id.* (quotation omitted). Because Plaintiffs have access to state court to pursue their claims against the absent parties, this factor does not weigh in their favor. Plaintiffs cite no authority for the proposition that they are entitled to a "comprehensive remedy" in a single suit. (ECF No. 212 at 9.) Thus, the Court concludes the absent parties are not indispensable.

The Court next considers whether to permit joinder of the absent parties under Fed. R. Civ. P. 20. The Court discerns some prejudice to Defendants' interest in resolving this suit in a federal forum if the absent parties were joined. All Defendants consented to removal (ECF No. 1 at ¶ 59), and granting Plaintiffs' amendment would mean remanding the suit to state court.

Plaintiffs argue that their request to amend was not unduly or inexplicably delayed because they attempted to amend their complaint less than a month after removal. However, this argument ignores the fact Plaintiffs filed a similar case involving fifty-one defendants (including many Defendants in this case) in Illinois state court a year and a half earlier. Despite this, Plaintiffs argue that "there is no indication that [they] knew or should have known the identit[ies] of" the absent parties. (ECF No. 212 at 12.) But presumably, Plaintiffs have been investigating their claims since before the Illinois case was filed, and their decision to pursue joinder of the absent parties when they did can reasonably be considered unduly delayed. Moreover, Plaintiffs' explanation for the delay is not compelling. Plaintiffs state that they "are still actively contacting former co-workers of [Plaintiff Mestas' father] who are providing additional information" and that Plaintiff Mestas at some point "remember[ed] . . . additional locations where he purchased his auto parts and premises where his father worked." (*Id.*) These explanations shed little light on why the absent parties could not have been identified sooner.

Finally, Plaintiffs have not shown that their amendment is sought in good faith. In addition to the plausible inference of forum-shopping based on the timing of Plaintiffs' motion, Plaintiffs initially sought a remand when they filed their first amended complaint. Undermining their contention of good faith further is Plaintiffs' lack of candor regarding the Illinois case, which they neglected to mention until Defendants did. Also, Plaintiffs offer no explanation for why they chose to bring their previous suit in Illinois when they both reside in Colorado and that is where Plaintiff Mestas' father worked. Instead, they argue that any motive they may have to defeat diversity is irrelevant because it would not render the joinder fraudulent. (ECF No. 225 at 12-13.) But for present purposes, the Court need only decide whether to permit joinder of the absent parties under Fed. R. Civ. P. 20. The considerations above, taken together, lead the Court to conclude that permissive joinder is not warranted in these circumstances.

The Court denies Plaintiffs motion for leave to amend the complaint and now turns to the magistrate judge's recommendation that the motion to dismiss be granted in part and denied in part.

### B.     Motion to Dismiss

JCI moved to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. (ECF No. 154.) The motion, which twenty Defendants joined, was assigned to a magistrate judge. After it was fully briefed, the magistrate judge recommended that it be denied except that the breach of warranty claim should be dismissed. The magistrate judge determined that Plaintiffs stated cognizable claims for negligence because even though Colorado has not adopted the theory of take-home asbestos exposure liability, its supreme court would likely accept that the moving Defendants owed a duty to Plaintiffs. The magistrate judge framed the

issue as "whether take-home exposure to asbestos by a family member can give rise to an actionable claim under negligence or strict liability pursuant to Colorado law." (ECF No. 299 at 8 n.5.) The magistrate judge reasoned that although the question of whether the harm to Plaintiffs was foreseeable would be more properly resolved on summary judgment, Plaintiffs had stated cognizable claims that survived dismissal under Fed. R. Civ. P. 12(b)(6). The magistrate judge also determined that Plaintiffs had stated a claim for loss of consortium.

Defendants Cleaver-Brooks, Inc., Air & Liquid Systems Corporation, and Warren Pumps, LLC filed an objection to the magistrate judge's recommendation, which many Defendants joined. Only one issue is raised with respect to the magistrate judge's recommendation—the objecting Defendants argue that the Colorado Supreme Court would reject Plaintiffs' claims based on take-home exposure because Plaintiff Mestas did not have direct contact with the moving Defendants' products. (ECF No. 289 at 3.)

    1.    <u>Legal Standards</u>

When a magistrate judge issues a recommendation on a dispositive matter, the district court must "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3) In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quotation omitted). In the absence of a timely and specific objection, "the district court

may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). However, conclusory allegations are insufficient. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). To determine whether a claim is plausible, a court considers "the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quotation omitted).

Plaintiffs' claims are brought under Colorado law, and there is no dispute that the Colorado Supreme Court has not yet recognized take-home exposure liability. Where, as here, the state's court has not provided clear guidance on an issue, the Court's job is to ascertain how that court would resolve the issue. *See Pehl v. Farm Bureau Life Ins. Co., Inc.*, 397 F.3d 897, 901 (10th Cir. 2005). "[T]he initial question in any negligence action is whether the defendant owed a legal duty to protect the plaintiff against injury." *HealthONE v. Rodriguez*, 50 P.3d 879,

888 (Colo. 2002). This is a question of law to be determined by the Court. *Id.* In determining whether a duty should be recognized, Colorado courts "have traditionally examined (1) the nature of the relationship between the parties and (2) a particular set of public policy factors. Either or both may confer a duty or inform the scope of the duty." *Westin Operator, LLC v. Groh*, 2015 CO 25, ¶ 25. The public policy factors include "(1) the risk involved, (2) the foreseeability and likelihood of injury as weighted against the social utility of the actor's conduct, (3) the magnitude of the burden guarding against injury or harm, and (4) the consequences of placing the burden upon the actor." *HealthONE*, 50 P.3d at 888. Ultimately, the existence of a legal duty depends on "whether reasonable persons would recognize a duty and agree that it exists." *Id.* "A court's conclusion that a duty does or does not exist is an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is or is not entitled to protection." *Id.* (brackets and quotation omitted).

>        2.      Analysis

The objecting Defendants argue the magistrate judge relied too much on foreseeability in reaching the conclusion that Plaintiffs claims are cognizable under Colorado law. They argue that Colorado's supreme court would conclude the moving Defendants did not owe a legal duty to Plaintiffs because no legal relationship exists between them. Reviewing this question de novo and applying the considerations above, the Court concludes—solely for 12(b)(6) purposes—that Colorado courts would not automatically and without regard to factual development reject Plaintiffs' take-home exposure claim simply because of an assertion that Plaintiff Mestas did not have sufficient contact with the moving Defendants' products.

Asbestos is universally recognized as a human carcinogen, and at least six jurisdictions have upheld take-home asbestos exposure claims under a negligence theory of liability. *See* Rebecca Leah Levine, Clearing the Air: Ordinary Negligence in Take-Home Asbestos Exposure Litigation, 86 Wash. L. Rev. 359, 377 (2011); *see also Bobo v. Tenn. Valley Auth.*, 855 F.3d 1294, 1303-04 (11th Cir. 2017) (listing jurisdictions). Given the well-known and severe dangers associated with asbestos, it is foreseeable and likely that a family member could be injured from take-home exposure. *See Kesner v. Superior Court*, 384 P.3d 283, 293 (Cal. 2016) ("A reasonably thoughtful person making industrial use of asbestos during the time periods at issue . . . would take into account the possibility that asbestos fibers could become attached to an employee's clothing or person, travel to that employee's home, and thereby reach other persons who lived in the home."). The social utility of failing to provide safe-handling instructions or warn users of products containing asbestos about the associated health risks is clearly outweighed by harmfulness of asbestos on human health. Moreover, although the complaint does not include specific measures the moving Defendants could have taken to mitigate the risks to Plaintiffs, the Court is not prepared to conclude that Defendants should not bear the burden of mitigating those risks. These considerations support the Court's conclusion that the moving Defendants owed Plaintiffs a duty of reasonable care.

The objecting Defendants' contend that no relationship exists between the moving Defendants and Plaintiffs to support the finding of a legal duty because "an individual must have some direct contact with a product before a manufacturer/distributor has a special relationship to protect her from the product." (ECF No. 289 at 7.) But the complaint alleges that the asbestos fibers Plaintiff Mestas' father was exposed to "were carried home on his clothing and were

frequently inhaled and ingested by Plaintiff [Mestas]." (ECF No. 115 at ¶ 42.) So even though Plaintiff Mestas was not a user or consumer of the products at issue, the complaint alleges that he was in fact exposed to and had direct contact with asbestos fibers from those products. Moreover, the Court is not persuaded that the purported lack of a relationship compels a finding of no legal duty in this case. As noted above, Colorado courts may confer a legal duty based on a relationship, public policy, or both. *See Westin Operator*, LLC, 2015 CO at ¶ 25. The strong public policy factors discussed above support a finding of a cognizable claim in this case.

The objections of the objecting Defendants are overruled. The Court agrees with the magistrate judge that the proper course is to permit factual development beyond the motion to dismiss stage. The Court further finds that the magistrate judge's analysis was thorough and sound with respect to the determinations the parties did not object to. And the Court finds no clear error on the face of the record. Accordingly, the Court agrees with the recommendation to dismiss Plaintiffs' breach of warranty claims against several Defendants. The court further agrees with the recommendation that dismissal of Plaintiffs' other claims is not appropriate at this stage.

## IV.    CONCLUSION

Accordingly, the Court

(1)    DENIES Plaintiffs' motion for leave to amend the complaint (ECF No. 212);

(2)    ACCEPTS and ADOPTS the magistrate judge's recommendation (ECF No. 288);

(3)    OVERRULES the objection to the recommendation (ECF No. 289); and

(4)    GRANTS IN PART and DENIES IN PART the motion to dismiss as stated in the magistrate judge's recommendation:

(a)     Plaintiffs' breach of warranty claim is DISMISSED as to JCI,

Cleaver-Brooks, Inc.; Air & Liquid Systems Corporation; Warren Pumps, LLC; Denver

Gardner, Inc.; General Electric Company; Union Carbide Corporation; BW/IP Inc.; Riley

Power Company, Crane Co.; Lamons Gasket Company; Certainteed Corporation; Aurora

Pump Company; U.S. Engineering; CBS Corporation; FMC Corporation; Ingersoll Rand

Company; Trane US Inc.; Grinnell LLC; and Goulds Pumps LLC; and

(b)     the motion to dismiss is otherwise DENIED; and

(5)     JCI's pending motion (ECF No. 223) to join GE's response to Plaintiffs' motion

for leave to amend the complaint is DENIED AS MOOT.

DATED this 19th day of March, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge